# EXHIBIT A

**RULES OF THE SUPREME COURT 1985**

### ORDER 39

### EVIDENCE BY DEPOSITION

#### 39/1  Power to order depositions to be taken

1      (1) The Court may in any cause or matter where it appears necessary for the purposes of justice, make an order (in Form No. 32 in Appendix A) for the examination on oath before a judge, an officer or examiner of the Court or some other person, at any place, of any person.

(2) An order under paragraph (1) may be made on such terms (including, in particular, terms as to the giving of discovery before the examination takes place) as the Court thinks fit.

#### 39/2  Where person to be examined is out of the jurisdiction

2      (1) Where the person in relation to whom an order under rule 1 is required is out of the jurisdiction, an application may be made—

(a) for an order (in Form No. 34 in Appendix A) under that rule for the issue of a letter of request to the judicial authorities of the country in which that person is to take, or cause to be taken, the evidence of that person, or

(b) if the government of that country allows a person in that country to be examined before a person appointed by the Court, for an order (in Form No. 37 in Appendix A) under that rule appointing a special examiner to take the evidence of that person in that country.

(2) An application may be made for the appointment as special examiner of a British consul in the country in which the evidence is to be taken or his deputy—

(a) if there subsists with respect to that country a Civil Procedure Convention providing for the taking of the evidence of any person in that country for the assistance of proceedings in the Court, or

(b) with the consent of the Deputy Governor.

#### 39/3  Order for issue of letter of request

3      (1) Where an order is made under rule 1 for the issue of a letter of request to the judicial authorities of a country to take, or cause to be taken, the evidence of any person in that country the following provisions of this rule shall apply.

(2) The party obtaining the order must prepare the letter of request and lodge it in the Registry, and the letter must be in Form No. 35 in Appendix A, with such variations as the order may require.

(3) If the evidence of the person to be examined is to be obtained by means of written questions, there must be lodged with the letter of request a copy of the interrogatories and cross-interrogatories to be put to him on examination.

(4) Each document lodged under paragraph (2) or (3) must be accompanied by a translation of the document in the official language of that country or, if there is more than

**145**

09-01161-smb   Doc 383-1   Filed 10/29/18   Entered 10/29/18 18:59:19   Exhibit A
Pg 3 of 6

### RULES OF THE SUPREME COURT 1985

one official language of that country, in any one of those languages which is appropriate to the place in that country where the examination is to be taken.

(5) Every translation lodged under paragraph (4) must be certified by the person making it to be a correct translation; and the certificate must contain a statement of that persons full name, of his address and of his qualifications for making the translation.

(6) The party obtaining the order must, when he lodges in the Registry the documents mentioned in paragraphs (2) to (5), also file in that office an undertaking signed by him or his attorney to be responsible personally for all expenses incurred by the Deputy Governor in respect of the letter of request and, on receiving due notification of the amount of those expenses, to pay that amount to the Accountant-General and to produce a receipt for the payment to the Registrar.

#### 39/4  Enforcing attendance of witness at examination

4   Where an order has been made under rule 1—

    (a) for the examination of any person before an officer of the Court or some other person (in this rule and rules 5 to 14 referred to as "the examiner"), or

    (b) for the cross-examination before the examiner of any person who has made an affidavit which is to be used in any cause or matter,

the attendance of that person before the examiner and the production by him of any document at the examination may be enforced by writ of subpoena in like manner as the attendance of a witness and the production by a witness of a document at a trial may be offered.

#### 39/5  Refusal of witness to attend, be sworn, etc.

5   (1) If any person, having been duly summoned by writ of subpoena to attend before the examiner, refuses or fails to attend or refuses to be sworn for the purpose of the examination or to answer any lawful question or produce any document therein, a certificate of his refusal or failure, signed by the examiner, must be filed in the Registry, and upon the filing of the certificate the party by whom the attendance of that person was required may apply to the Court for an order requiring that person to attend, or to be sworn or, to answer any question or produce any document, as the case may be.

(2) An application for an order under this rule may be made *ex parte*.

(3) If the Court makes an order under this rule it may order the person against whom the order is made to pay any costs occasioned by his refusal or failure.

(4) A person who willfully disobeys any order made against him under paragraph (1) is guilty of contempt of court.

#### 39/6  Appointment of time and place for examination

6   (1) The examiner must give the party on whose application the order for examination was made a notice appointing the place and time at which, subject to any application by the parties, the examination shall be taken, and such time shall, having

**RULES OF THE SUPREME COURT 1985**

regard to the convenience of the persons to be examined and all the circumstances of the case, be as soon as practicable after the making of the order.

(2) The party to whom a notice under paragraph (1) is given must on receiving it forthwith give notice of the appointment to all the other parties.

### 39/7   Examiner to have certain documents

7   The party on whose application the order for examination before the examiner was made must furnish the examiner with copies of such of the documents in the cause or matter as are necessary to inform the examiner of the questions at issue in the cause or matter.

### 39/8   Conduct of examination

8   (1) Subject to any directions contained in the order for examination—

  (a) any person ordered to be examined before the examiner may be cross-examined and re-examined, and

  (b) the examination, cross-examination and re-examination of persons before the examiner shall be conducted in like manner as at the trial of a cause or matter.

(2) The examiner may put any question to any person examined before him as to the meaning of any answer made by that person or as to any matter arising in the course of the examination.

(3) The examiner may, if necessary, adjourn the examination from time to time.

### 39/9   Examination of additional witnesses

9   The examiner may, with the written consent of all parties to the cause or matter, take the examination of any person in addition to those named or provided for in the order for examination, and must annex such consent to the original deposition of that person.

### 39/10  Objection to questions

10   (1) If any person being examined before the examiner objects to answer any questions put to him, or if objection is taken to any such question, that question, the ground for the objection and the answer to any such question to which objection is taken must be set out in the deposition of that person or in a statement annexed thereto.

(2) The validity of the ground for objecting to answer any such question or for objecting to any such question shall be decided by the Court and not by the examiner, but the examiner must state to the parties his opinion thereon, and the statement of his opinion must be set out in the deposition or in a statement annexed thereto.

(3) If the Court decides against the person taking the objection it may order him to pay the costs occasioned by his objection.

**RULES OF THE SUPREME COURT 1985**

**39/11 Taking of depositions**

11    (1) The deposition of any person examined before the examiner must be taken down by the examiner or a shorthand writer or some other person in the presence of the examiner but, subject to paragraph (2) and rule 10(1), the deposition need not set out every question and answer so long as it contains as nearly as may be the statement of the person examined.

(2) The examiner may direct the exact words of any particular question and the answer thereto to be set out in the deposition if that question and answer appear to him to have special importance.

(3) The deposition of any person shall be read to him, and he shall be asked to sign it, in the presence of such of the parties as may attend, but the parties may agree in writing to dispense with the foregoing provision.

If a person refuses to sign it deposition when asked under this paragraph to do so, the examiner must sign the deposition.

(4) The original deposition of any person, authenticated by the signature of the examiner before whom it was taken, must be sent by the examiner to the Registry and shall be filed therein.

**39/12 Time taken by examination to be indorsed on depositions**

12    Before sending any deposition to the Registry under rule 11(4), the examiner must indorse on the deposition a statement signed by him of the time occupied in taking the examination and the fees received in respect thereof.

**39/13 Special report by examiner**

13    The examiner may make a special report to the Court with regard to any examination taken before him and with regard to the absence or conduct of any person thereat, and the Court may direct such proceedings to be taken, or make such order, on the report as it thinks fit.

**39/14 Order for payment of examiner's fees**

14    (1) If the fees and expenses due to an examiner are not paid he may report that fact to the Court, and the Court may direct the Registrar to apply for an order against the party on whose application the order for examination was made to pay the examiner the fees and expenses due him in respect of the examination.

(2) An order under this rule shall not prejudice any determination on the taxation of costs or otherwise as to the party by whom the costs of the examination are ultimately to be borne.

**39/15 Perpetuation of testimony**

15    (1) Witnesses shall not be examined to perpetuate testimony unless an action has been begun for the purpose.

(2) Any person who would under the circumstances alleged by him to exist become entitled, upon the happening of any future event, to any honour, title, dignity or office, or

**148**

**RULES OF THE SUPREME COURT 1985**

to any estate or interest in any real or personal property, the right or claim to which cannot be brought to trial by him before the happening of such event, may begin an action to perpetuate any testimony which may be material for establishing such right or claim.

(3) No action to perpetuate the testimony of witnesses shall be set down for trial.

### 39/16 Examiners of the Court

16      A sufficient number of attorneys, of not less than three years standing, shall be appointed by the Chief Justice to act as examiners of the Court for a period not exceeding five years at a time, but the Chief Justice may at any time revoke any such appointment.

## ORDER 40

## COURT EXPERT

### 40/1   Appointment of expert to report on certain questions

1       (1) In any cause or matter which is to be tried without a jury and in which any question for an expert witness arises the Court may at any time, with or without the consent of the parties, appoint an independent expert or, if more than one such question arises, two or more such experts, to inquire and report upon any question of fact or opinion not involving questions of law or of construction.

An expert appointed under this paragraph is referred to in this Order as a "court expert".

(2) Any court expert in a cause or matter shall, if possible, be a person agreed between the parties and, failing agreement, shall be nominated by the Court.

(3) The question to be submitted to the court expert and the instructions (if any) given to him shall, failing agreement between the parties, be settled by the Court.

(4) In this rule "expert", in relation to any question arising in a cause or matter, means any person who has such knowledge or experience of or in connection with that question that his opinion on it would be admissible in evidence.

### 40/2   Report of court expert

2       (1) The court expert must send his report to the Court, together with such number of copies thereof as the Court may direct, and the Registrar must send copies of the report to the parties or their attorneys.

(2) The Court may direct the court expert to make a further or supplemental report.

(3) Any part of a court expert's report which is not accepted by all the parties to the cause or matter in which it is made shall be treated as information furnished to the Court and be given such weight as the Court thinks fit.

### 40/3   Experiments and tests

3       If the court expert is of opinion that an experiment or test of any kind (other than one of a trifling character) is necessary to enable him to make a satisfactory report he shall